## Execution of Commonwealth Deeds

RENO, Attorney General, June 29, 1939.—This will acknowledge receipt of your letter of May 10, 1939, in which you set forth that, in connection with the exchange of lands, it is necessary for your department to have deeds prepared for the signature of the Governor, and that such deeds have always had attached a form of acknowledgment on the part of the Governor before a notary public. Your letter further states that the Governor's of-

fice takes exception to the acknowledgment of these deeds by the Governor, before a notary public, because it is contended that the signature of the Secretary of the Commonwealth has the same force and effect as a notarial acknowledgment, thereby rendering unnecessary acknowledgments of the Governor to the deeds in question.

Your letter concludes that, since such deeds always include a provision for a notarial acknowledgment, and are prepared under the direction of the Department of Justice, and bear the signature of a Deputy Attorney General, your department has assumed that it is the opinion of the Department of Justice that the Governor's signature must be formally acknowledged before a notary public. Under these circumstances, you have asked to be advised whether the acknowledgment of the Governor's signature to deeds before a notary public is necessary to establish the complete legal formality of such deeds.

Section 1 of the Act of April 4, 1919, P. L. 49, reads in part as follows:

"That all deeds and patents granted by the Commonwealth of Pennsylvania may be recorded in the office for recording deeds in the county where the lands lie, without acknowledgment; and the records thereof, or duly certified copies thereof, shall be evidence in all cases where the original deeds or patents would be evidence . . .".

The provisions of the section of the statutory law just recited render quite obvious the answer to our problem, to the effect that deeds by the Commonwealth of Pennsylvania may be recorded without the formality of an acknowledgment on the part of the Governor. Since the records of such recorded deeds, or duly certified copies thereof, shall be accepted as evidence in all cases where the original deeds would be evidence, acknowledgments to deeds executed by the Commonwealth would be superfluous.

It is, therefore, our opinion that deeds on the part of the Commonwealth may be lawfully executed without the formality of an acknowledgment by the Governor.